Moncure, P.,
delivered the opinion of the court. After stating the case, he proceeded:
The plaintiff in error, in his petition for a writ of error, assigns but two errors in the judgment, both of them being in the instruc *167 tions given by the court to the jury. The chief of these assignments of error in the instructions is,
*lst. In ruling that fraud and false swearing as to one independent subject of insurance avoided the whole policy.
There is a provision in the policy that “all fraud, or attempt at fraud, or false swearing on the part of the assured, or on the part of any person in his behalf, shall cause a forfeiture of all claim under this policy.”
On the trial of this cause the defendants, to sustain the issue on their part, proved that the claim of the plaintiff for his alleged loss on his stock of grain. &c., named in said policy, was fraudulent, and false; and that the amount of loss designated in his proof of loss sworn to by him, was fraudulent and false, so far as the said stock of grain, &c., was concerned; but it was not shown that the claim of the plaintiff or his proof of loss as aforesaid, as to the buildings, or machinery and fixtures named in said policy was fraudulent or false.
The argument before this court of the counsel for the plaintiff proceeded upon the concession that there was such fraud and falsehood, so far as the said stock of grain, &c., was concerned — a fact which is certified in the record as having been proved on the trial, and was in effect found by the jury, and which, therefore, could not be denied by said counsel; and he admitted that, by reason of such fraud and falsehood, the plaintiff had forfeited all claim under the policy as to the said stock of grain, &c.; but he contended lhal as it was not shown that the claim of the plaintiff, or his proof of loss as aforesaid, as to the said buildings or said machinery and fixtures was fraudulent or false, the plaintiff had not forfeited his claim under the policy as to the said buildings or said machinery and fixtures. The said counsel also admitted that it was perfectly competent for the parties to argue that “all *fraud or attempt at fraud or false swearing on the part of the assured, or on the part of any person in his behalf, shall cause a forfeiture of all claim under the policy,” not only as to the particular subject named in the policy to which the said fraud or false swearing relates, but also as to all other subjects therein named.
The question to be now considered and decided therefore is one of construction merely; that is, whether, according to the true construction of the provision aforesaid, it was thereby intended that for a fraud, or attempt at fraud, or false swearing on the part of the assured, in relation to one only of several subjects embraced in one policy of insurance, as is this case, there should be a forfeiture of all claim under the policy, not only in regard to the particular subject aforesaid, but also in regard to all other subjects embraced in the policy, or only a forfeiture of all claim under the policy in regard to such particular subject.
The counsel for the plaintiff maintains the latter of these alternative constructions; while the counsel for the defendants maintains the former. Which of them is correct is the question which this court has now to solve.
We are all of opinion that the former is the correct construction, and that the forfeiture is total.
Supposing that to have been the true intention of the parties, we know not how it could well have been expressed in plainer language. “All fraud,” &c., “shall cause a forfeiture of all claim under this policy.” A more comprehensive word than “all” cannot be found in the English language; and it certainly has in this case the comprehensive meaning contended for by the counsel of the defendants, instead of the restricted meaning contended for by the counsel for *the plaintiff, unless very; strong reasons can be furnished for construing it in the latter sense.
So far from seeing any such reasons, we think there are strong reasons for believing that the real intention of the parties in making the provision aforesaid corresponded with the literal terms in which it is expressed, and that it was intended to create a general forefeiture as to all the subjects embraced in the policy, and not a forfeiture only as to the particular subject to which the fraud or false swearing might relate.
A policy of insurance is a contract, in the making of which, peculiar and great confidence must, of necessity, be reposed by the insurer in the insured. Good faith and fair dealing are especially required by the former of the latter. The former must mainly depend on the oath of the latter, and, the account he may render to show the fact of the loss of the property insured, and the amount of the damage incurred by him, for which he claims indemnity under the policy. Where there is no' good reason to suspect fraud or false swearing on the part of the insured, in making out his preliminary proof of loss, the insurer generally requires no further evidence to sustain the claim of the insured than his own oath and account, unless it be “the certificate under seal of a magistrate, notary public, or commissioner of deeds, nearest the place of the fire, and not concerned in the loss, or related to the assured, stating that he had examined the circumstances attending the loss, knows (he character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to such an amount as the said lofficial shall certify.” Such a certificate is generally provided for in a policy of insurance, and is provided for by the policy in this case.
*j\tow where, instead of there being no good reason to suspect fraud or false swearing on the part of insured in making out his preliminary proofs, it is proved that his claim for his alleged loss on one of the subjects insured was fraudulent and false, and that the amount of loss designated In his said proof of loss, sworn to by him as aforesaid, was fraudulent and false, so far as the said subject was concerned, is it unreasonable for the policy to provide that in such a case the insured shall forfeit all claim under the policy, not only as to the said *168 subject, but also as to all other subjects included in the policy? Having been proved to be guilty of fraud and falsehood in regard to one of the subjects included in the policy, it is not unreasonable to suppose that he may be guilty of the like wrongs in regard to the other subjects included therein. He may be, so guilty, and the insurer may have no means of providing such guilt. He may himself have been the author of the burning of which he complains, or he may have obtained the insurance for the very purpose of obtaining money by committing fraud and perjury in regard to one or more of the subjects insured. He was capable of either of these crimes, as he was capable of the crime which was proved upon him.
We therefore think the construction contended for by the counsel for the defendants is a reasonable one, and that it is the true one. especially as it accords with the literal terms of the provision in question.
The learned counsel for the plaintiff, in his argument in this case, referred to a great many decisions of other States and countries, for the purpose of sustaining his views of the case, and especially of the question we are now considering. He referred to no decision of this court, because there is none on the question; *and he admitted that he could find no decision of ■any other court upon the very question in issue; which is certainly very strong negative evidence that no such decision exists. We have referred to all these decisions, or at least all of them, which, from the statement of the learned counsel in regard to them, seemed to be material to be referred to by us; and none of them seem to be in conflict with the views we have expressed. If any of them be so, we do not think they expound the law correctly, and we are therefore unwilling to be guided by them. The learned counsel argues, that though the policy in this case is a contract entire in form, being a contract by which “the Virginia Fire and Marine insurance company of Richmond, in consideration of the receipt of one hundred and twenty-five dollars, do insure (for one year) David W. Moore and his legal representatives five thousand dollars, to wit,” &c. Yet he contends that it is a several contract in substance, because it proceeds to value severally the different parts of the subject insured as follows, to wit:
“2,000 on his new wooden flour and corn mill building, moved by water power, and wooden and graveled lumber house connected. &c.
“$1,000 on machinery and fixtures of all kinds, including water wheel and mill stones in said mill building; and $2,000 on his stock of grain, flour, meal, offal and empty barrels and bags in said mill building and lumber house,” &c.
• And he argues, that the provision of forfeiture in question must be construed precisely in the same way in this contract as a like provision would be construed in a several policy on each of the subjects insured. In other word, that this policy, though joint in form, is several in substance, and must be construed accordingly, *as well in regard to the clause of forfeiture in question as to every other part of the policy. He applies to the case the rule of construction, reddendo singula singulis. That rule applies to many cases arising under policies of insurance, as some of the cases cited by the learned counsel show; but it does not apply to this case for reasons already stated, it being the manifest intention of the parties, as it is the express declaration of their contract, that “all fraud,” &c., “shall cause a forfeiture of all claim under this policy.” Where, in reason, is the difference between this case and a case in which the different parts of the same subject are included in one valuation, in regard to the clause in question? Suppose here the whole subject insured had been valued at $5,000, without any separate valuation of the different parts of the subject, and there had been fraud as to one of the parts only, would not all claim under the policy, as well to the other parts as to that part of the subject, have been forr feited? Certainly so, as all will admit. But where, in reason, is the difference between the two cases? What has the mode of valuation of the subject, whether it be joint or several, to do with the construction of the clause of forfeiture for fraud? Is not the evil of the fraud the same in either case? Is not the presumed intention of the parties in regard thereto the same in either case? And do not the literal terms of the clause apply alike to each case?
The policy in this case is an entire contract, notwithstanding the separate valuation of the different parts of the subject insured. That separate valuation was intended for the benefit of the insurers, and not the insured. The latter would have been benefited by letting the joint valuation of the whole subject insured remain at the sum of $5,000 fixed in the policy, instead *of apportioning it among the different parts of the subject, as is afterwards done in the policy. By letting the joint valuation remain at the sum .of $5,000, that would have been the only limit of the right to recover the actual value of any part of the subject insured which might be lost by any cause insured against. Whereas, by apportioning the amount of the joint valuation among the different parts of the subject, the valuation of each part is the limit of the right to recover for any loss sustained on account of such part. It cannot be supposed that either of the parties, much less the insurers for whose benefit alone the separate valuation was made, could have intended that it should have the effect of taking from them the benefit of the provision of the policy in regard to fraud or false swearing as to every part of. the subject insured, except as to that part to which such fraud or false swearing might directly and specially relate. We have seen both reason and the literal terms of the policy confirm the view, that in every such case of fraud or false swearing, the forfeiture extends to all claim under the policy on account of the subject insured or any part thereof.
*169 There are cases, it is true, in which it has been held, and no doubt properly, that a policy may be avoided as to a part of the subject insured, and valid as to the rest, even though the language of the policy declaring it to be void in such a case may seem to be general, and apply to the whole policy. As, for instance, in a case in which a policy declares that it shall be void for any subsequent alienation by the insured. There, if only a part of the subject be aliened, and the risk as to the rest cannot be increased by such partial alienation, the policy as to the rest would not be thereby avoided, but would remain in full force, in *pursuance of the presumed intention of the parties. But such a construction has never been applied, and can never be applied, to a case like this, of fraud and false swearing which pervades and avoids the whole policy. To such a case the maxim, falsum in uno, falsum in omnibus, applies. The insured, having been convicted of falsehood in, regard to one of the subjects insured, will be considered as false in regard to all the rest. Suppose the parties had been asked when they entered into this contract, whether they intended that the forfeiture for fraud and falsehood of the assured as to one of the subjects insured, should be confined to that subject, or extend also to all the other subjects insured in the same policy, what would have been their answer? Can anybody doubt? Certainly the insurers would have answered, “the latter;” and surely the insured could not have answered otherwise; for that would have broken off the contract. The language of the policy, as already shown, literally accords with this obvious intention of the parties.
In regard to the first assignment of error, we are therefore of opinion, that the circuit court did not err “in ruling that fraud and false swearing as to one independent subject of insurance avoided the whole policy.”
The other of the two assignments of error in the instruction is,—
2d. That the court extended the penalty of forfeiture to any false representation or false swearing as to the amount and value of the property insured and destroyed, made either in the contract of insurance, or at any time thereafter, prior to any default on the part of the defendant in paying any loss incurred.
The cases referred to in support of this assignment of error, to wit: Ferris v. N. American Ins. Co., 1 Hill *R. 71 ; and Insurance Companies v. Weides, 14 Wall. U. S. R. 375; seem to decide that the fraud or false swearing referred to in such a provision as the one now in question, standing in the same connection and location in the policy as does the provision here, is such fraud or false swearing only as relates to the preliminary proofs. Without deciding, but conceding (for the purposes of this case) that to be true, there can be no doubt but that fraud on the part of the insured in making the contract of insurance, would render it void without any express provision to that effect in the policy, and even though there might be such a provision therein relating only to fraud or false'Swearing in connection with the preliminary proofs. In delivering the opinion of the court in the case cited from 1 Hill 71, supra, Cowen, J., takes occasion to say, expressly, that a policy “is always avoided by the common law for the least want of good faith on the part of the assured.”
We think there is no error in any of the instructions given by the court to the jury. The propositions of law therein announced are undoubtedly true. Nor were any of them mere abstractions. But if it can be said that any of them were such abstractions, the court would not on that ground reverse the judgment,-there being no error in law in the instructions, and they could not have had the effect of misleading the jury.
Upon the whole, we think there is no error in the judgment, and are therefore for affirming it.
Judgment aeeirmed.

See monographic note on insurance appended to Mutual Assur. Society of Va. v. Holt & als., 29 Gratt. 612.