ADOLPH STERNFELD and Others, Respondents, v. THE PARK FIRE INSURANCE COMPANY, Appellant.

*What discrepancy between the loss by fire, as stated in the proofs of loss under an insurance policy, and the amount of the verdict of a jury fixing the loss, is evidence of fraud.*

Appraisers selected to value property damaged by fire, under the provisions of a policy of insurance thereof, determined that the original value of the insured property not entirely destroyed was $2,352.74; its value after the fire was $383.95, and that the loss upon that property was $1,968.79.

In an action, brought to recover the value of the property entirely destroyed by fire, the jury found a verdict in favor of the plaintiffs for the sum of $750 against one of the companies insuring the property. In rendering this verdict, as the loss was to be divided and equally apportioned between the several companies, the jury were obliged to reach the conclusion that the whole loss by the fire did not amount to more than the sum of $5,000.

The proofs of loss, verified and presented by the assured, stated the net loss of property actually destroyed by the fire at the sum of $19,832.72, and that the loss on the property partially saved was $3,509.75 (the latter loss being fixed by the appraisers, as above stated, at $1,968.79); this left an over-statement in the proofs of loss of over $18,000.

The policy provided that "any fraud, or attempt at fraud, or any misrepresentation in any statement touching the loss, or any false swearing on the part of the assured or his agent in any examination, or in the proof of loss, or otherwise, shall cause a forfeiture of all claim on this company under this policy."

*Held*, that the verdict of the jury should be set aside.

That, as there was no ground from which it could be inferred that the loss had been over-stated in this matter by mistake, there was reason for assuming that it had been fraudulently made with a view to defrauding the insurance companies.

That such an inference necessarily followed from the existence of so great a discrepancy between the amounts mentioned in the proofs of loss and the verdict of the jury.

That the jury, instead of finding in favor of the plaintiff for any sum of money, should have brought in a verdict in favor of the defendant.

APPEAL from a judgment entered March 18, 1887, on the verdict of a jury at the New York Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was had.

*O. E. Bright*, for the appellant.

*W. W. Miles*, for the respondents.

DANIELS, J.:

The recovery was upon a policy of insurance issued by the defendant, whereby it insured C. De Vulder against loss or damage by fire, to the amount of $1,500, on feathers and materials for manufacturing the same, manufactured, unmanufactured and in process of manufacture, and other merchandise not more hazardous than his own. The property insured was contained in a brick building known as No. 30 West Houston street, in the city of New York. Other insurance was obtained upon the same property, amounting, with the policy in suit, to the sum of $10,000. A fire occurred in the store in the night-time on or about the 28th of August, 1885. The fire was of short duration, but it was alleged on behalf of the plaintiffs, who became the assignees of De Vulder, that a loss had been sustained upon the property insured, amounting to the sum of $23,342.

After the occurrence of the fire, proofs of loss were served upon the company, which were verified by De Vulder, in which his stock was stated to be of the value of $23,342.47, and the loss or damage on the stock was claimed to be the same amount. An appraisement was afterwards made under a clause in the policy providing for it, by the selection of appraisers by each of the parties, and the selection by the two appraisers so selected of an umpire in case of their disagreement. The appraisers, in this manner selected, examined the property insured and not wholly destroyed by the fire. By their report they determined the original value of this property not destroyed to be the sum of $2,352.74, its value after the fire $383.95, and the loss on that property $1,968.79. This was held by the court, as it was required to be under the policy, conclusive against the plaintiffs as to the extent of the damage sustained by the property not wholly destroyed by the fire. The material controversy in the case was, in this manner, reduced to the value of the property actually destroyed by the fire, and that, according to the proofs of loss, was stated to be the sum of $19,832.72. These proofs appear, as to their amount, to have been based upon an inventory made of the stock and goods in the store in October preceding the fire, when their value is stated to have been $35,751.92. From this stock there was delivered to certain creditors in December, 1884, merchandise amounting to the sum of $15,000, and to the residue of $20,751.92 was added what was stated to have been expenditures made in manufacturing feathers and for other property purchased, and deducting sales made prior to the time of the fire, leaving what was then stated to be a net loss of property actually destroyed by the fire, amounting to the sum of $19,832.72, besides the loss on the property saved, stated to be $3,509,75, but fixed by the appraisers at $1,968.79.

It was alleged, by way of defense in the action, that De Vulder had fraudulently represented to the company the amount of the loss to be greater than it actually was, and that he had sworn falsely in swearing to the proofs of loss containing these statements. The jury, by their verdict, found in favor of the plaintiffs for the sum of $750, being half the amount of the defendant's policy. To render this verdict the jury must have reached the conclusion, as the whole insurance did not exceed the sum of $10,000, and it was

to be divided and equally proportioned between the companies whose policies were issued upon the property; that the whole loss of De Vulder by the fire amounted to no more than the sum of $5,000. This left an over-statement in his proofs of loss of $18,342.47. To that extent the jury must necessarily have assumed that the proofs of loss were untruthful. Neither the evidence of De Vulder, nor that of any other witness, tended to explain this difference on the ground of any mistake or misapprehension concerning either of the facts upon which the proofs were made and verified; and, as there was no ground from which it could be inferred that the loss had been over-stated in this manner by mistake, there was reason for assuming that it had been fraudulently made to defraud the insurance company out of the other half of the amount of the policy. Such an inference necessarily follows from so great a difference. The loss in this manner had been stated by the assured to an amount exceeding three-fifths of what had actually been sustained; and it is not to be supposed or presumed that it could have been so over-stated by any mistake intervening in the statements presented by the proofs. But the inference is direct and plainly to be drawn from this difference, that De Vulder must have known that this statement was untruthful, and his affidavit verifying it was false, and from that the conclusion follows, that it was intended thereby to defraud the insurance company; and this inference is materially strengthened by the fact that the preceding inventory of De Vulder's stock, taken in January, 1884, amounted to no more than the sum of $20,478.13, and his business afterwards was not prosperous, and the fire, causing the loss, was of very short duration and confined only to a portion of the store.

In *Boynton* v. *Andrews* (63 N. Y., 93), property had been taken by a manufacturing corporation for which it had issued its stock. The property was proven to have been worth no more than fifty per cent of the amount for which it was received by the company and its stock was issued. And from this difference the court held that the law would assume the transaction to be fraudulent, leaving no question of fact as to the intent to be passed upon by a jury. Applying the principle of that decision to this case and the inference is much more strongly sustained that there was an intent

to deceive and defraud the company by this over-statement of the loss of the assured. And that the over-statement existed is clear from the verdict of the jury, which proceeded upon the conclusion that the actual loss did not exceed the sum of $5,000. This could have been adopted on no other view of the evidence than that the assured had over-stated his loss to the extent of upwards of $18,000. And upon that fact necessarily entering into the case, from the verdict which the jury have rendered, they should, instead of finding for the plaintiff any sum of money, have found in favor of the defendant, for the policy had provided that, "any fraud or attempt at fraud, or any misrepresentation in any statement touching the loss, or any false swearing on the part of the assured or his agent, in any examination or in the proof of loss or otherwise, shall cause a forfeiture of all claim on this company under this policy, and in such case this company shall have the right at any time to require the same to be delivered up to be canceled." Under this provision this fraudulent over-statement of the loss forfeited all claim to indemnity upon the policy and entitled the company to a verdict against the plaintiff.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to the defendant to abide the avent.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment and order reversed and new trial ordered, with costs to the defendant to abide event.