SPRINGFIELD FIRE & MARINE INSURANCE COMPANY
v. J. W. WINN ET AL.

[FILED OCTOBER 16, 1889.]

1. **Insurance:** PERJURY: FORFEITURE.    A was the owner of a general stock of merchandise and insured the same with the plaintiff in error, with leave to make concurrent insurance thereon so that the aggregate amount thereof should not exceed $7,000.    Insurance in various companies was effected for this amount.    Some time afterwards the stock was burned, there being a total loss, and notice thereof was duly given.    The proof tended to show that the amount of goods destroyed exceeded $7,000, and that there was no fraud by the insured in any matter affecting the risk prior to the loss.    In making his proof of loss, however, the insured increased the amount of his claim about $1,700 in excess of the actual loss, and changed the bills of purchase made for some time before the loss to conform to the proof thereof.    *Held*, That as the rights of the parties were fixed by the contract of insurance and loss, a provision in the policy that " all fraud or attempts at fraud, by false swearing or otherwise, shall forfeit all claim on this company and shall be a complete bar to any recovery for loss under this policy," as it

did not affect the risk, was not cause for declaring the policy void.

2. Instruction, *held*, to be based on the testimony and properly given.

ERROR to the district court for Johnson county. Tried below before CHAPMAN, J.

*S. P. Davidson*, and *Harwood, Ames & Kelly*, for plaintiff in error :

Even if Winn's claim be true, that the exaggeration was made to secure a more favorable settlement, the policy is void for breach of condition. (*Sleeper v. Ins. Co.*, 56 N. H., 401; *Weide v. Ins. Co.*, 1 Dill. [U: S. C. C.], 441; *Geib v. Ins. Co.*, Id., 443; *Ferriss v. Ins. Co.*, 1 Hill [N. Y.], 71; *Wall v. Ins. Co.*, 51 Me., 32; *Regnier v. Ins. Co.*, 12 La. [O. S.], 336; *Lewis v. Ins. Co.*, 63 Ia., 193; *Smith v. Ins. Co.*, 1 Hannay [N. B.], 311; *Longley v. Ins. Co.*, 3 Russ. & Ches. [N. S.], 516; *Sibley v. Ins. Co.*, 9 Biss. [U. S. C. C.], 31; *Leach v. Ins. Co.*, 58 N. H., 245; *Hansen v. Ins. Co.*, 57 Ia., 741; *Mullin v. Ins. Co.*, 58 Vt., 113; *Claflin v. Ins. Co.*, 110 U. S., 81; *Moore v. Ins. Co.*, 28 Gratt. [Va.], 508.) The court, in its instruction, lost sight of the distinction between a waiver before forfeiture and one after the contract was void; for the conditions of a void contract cannot be waived. (*Underwood v. Ins. Co.*, 57 N. Y., 500; *Blossom v. Ins. Co.*, 64 N. Y., 162; *Brink v. Ins. Co.*, 70 N. Y., 593; *Ripley v. Ins. Co.*, 30 N. Y., 164; *Phœnix Ins. Co. v. Stevenson*, 78 Ky., 150; *Ins. Co. v. Fay*, 22 Mich., 467; *Ins. Co. v. Watson*, 23 Id., 487; *Smith v. Ins. Co.*, 3 Hill [N. Y.], 508; *Neely v. Ins. Co.*, 7 Id., 49; *Diehl v. Ins. Co.*, 58 Pa. St., 443.) A preponderance, only, of evidence was required. (*Search v. Miller*, 9 Neb., 26; *Marx v. Kilpatrick*, 25 Id., 170.)

*A. M. Appelget*, and *C. K. Chamberlain*, for defendant in error :

A *clear* preponderance of testimony was required in this case, first, because of the imputation of the crime of arson (*Ellis v. Buzzell*, 60 Me., 209; *Knowles v. Scribner*, 57 Id., 497); second, because of the defense of fraud. (*Ahlman v. Meyer*, 19 Neb., 63; *Clemens v. Brillhart*, 17 Id., 337; *Clark v. Tennant*, 5 Id., 549.) Admitting that the first proofs were incorrect, they do not show fraud, the burden of proving which is upon the party pleading it. (2 Wood, Fire Ins., 1004, and cases cited; *Marion v. Ins. Co.*, 35 Mo., 148; *Franklin Ins. Co. v. Updegraff*, 43 Pa. St., 350.) The perjury must be on a matter affecting the risk (*Claflin v. Ins. Co.*, 101 U. S., 81; *Little v. Ins. Co.*, 123 Mass., 380; *Ins. Co. v. Weides*, 14 Wall. [U. S.], 375); and must be with fraudulent intent (*Parker v. Ins. Co.*, 34 Wis., 363; *Jones v. Ins. Co.*, 36 N. J. Law, 29); and these are questions of fact for the jury. (*Ins. Co. v. Fay*, 22 Mich., 467; *Ins. Co. v. Weides, supra; Helbing v. Ins. Co.*, 54 Cal., 156.) Corrections in proofs of loss may be made at any time before trial. (2 Wood, Fire Ins., 995 *f; McMaster v. Ins. Co.*, 55 N. Y., 222.) Findings similar to the one in this case have been sustained by various courts. (*Gerhauser v. Ins. Co.*, 7 Nev., 174; *Unger v. Ins. Co.*, 4 Daly [N. Y.], 96; *Moore v. Ins. Co.*, 29 Me., 97; *Jones v. Ins. Co., supra; Britton v. Ins. Co.*, 4 F. & F., 905; *Planters' Ins. Co. v. Deford*, 38 Md., 382; *Bonham v. Ins. Co.*, 25 Ia., 328; *Clark v. Ins. Co.*, 36 Cal., 168; *Wolf v. Ins. Co.*, 43 Barb. [N. Y.], 406; *Sims v. Ins. Co.*, 47 Mo., 54; *Williams v. Ins. Co.*, 61 Me., 67.) A denial of liability on other grounds than want of notice is a waiver of notice. (2 Wood, Fire Ins., 981, 982, 940 N.; *Franklin v. Coates*, 14 Md., 285; *Rogers v. Ins. Co.*, 6 Paige Ch. [N. Y.], 583; *McBride v. Ins. Co.*, 30 Wis., 562; *Lycoming Ins Co. v. Dunmore*, 75 Ill., 14.) An examination of the assured under oath, concerning the loss, is a waiver of proof. (2 Wood, Fire Ins., 951.) A party desiring to rescind on ground of fraud, must place the other party *in*

*statu quo* (*Clark v. Tennant*, 5 Neb., 549; *Bank v. Yocum*, 11 Neb., 328; Kerr, Fraud & Mis., 52); and this principle has been applied to forfeiture of fire policies. (*Fishbeck v. Ins. Co.*, 54 Cal., 422.)

MAXWELL, J.

On the 26th day of May, 1886, the plaintiff in error issued to the defendant in error a policy of insurance, against loss or damage by fire for one year, upon the general stock of merchandise carried by the latter as retail merchants in their store at Elk Creek, Neb. The policy contained permission for four thousand dollars concurrent insurance and a clause limiting the company's liability in case of loss to its *pro rata* share of the total loss with other companies insuring; and afterwards, on the 29th day of October, 1886, the amount of concurrent insurance permitted was increased to six thousand dollars. The policy contained the usual provision requiring notice and preliminary proofs in case of loss, and the submission by the insured of their books, papers, vouchers, etc., to the inspection of the underwriters, and the submission of themselves to examination under oath if required by the latter. It also contained a clause in the following words: "All fraud or attempt at fraud, by false swearing or otherwise, shall forfeit all claim on this company, and shall be a complete bar to any recovery for loss under this policy."

Concurrent insurance amounting in the aggregate, together with the policy in suit, to seven thousand dollars was procured, and was in force when on the 21st day of December, 1886, a fire occurred, entirely destroying the property insured. One S. F. Holmes was the local agent of the companies and had notice of the fire at the time of its occurrence, and no formal notice seems to have been given to or required by the insurers, but Winn, who was apparently the sole owner of the property insured, and of the business connected therewith—Nail, who represented the

" Co.," being a nominal partner only—testified that at the suggestion of one Dale, who was an adjuster of one of the companies interested, he came to Lincoln, two or three weeks after the fire, and submitted his books, or a part of them, to Dale and to Wm. Fulton, the adjuster of the plaintiff in error.

Upon inspection of the books, discrepancies were found therein which, it is claimed, aroused the suspicions of both Dale and Fulton, who represented all the interested companies directly and indirectly, to such a degree that they expressly declined to pay the loss or recognize any liability under the policies until their suspicions should be removed by subsequent investigation. The parties separated with an understanding that there was to be a future meeting at Atchison, Kansas, at which Winn was requested to furnish copies of papers, vouchers, invoices, etc., and make fuller and more satisfactory proof of the amount and value of the property burned. Fulton attended at the time and place appointed for this meeting, but Winn then professed to be unprepared to comply with what had been required of him, and the matter was again postponed, to be taken up again at some future time at Plattsburg, Missouri.

On or about the 21st day of March, 1887, Fulton met Winn at Plattsburg, at which time and place the latter made a statement under oath showing that according to an inventory made February 1, 1886, witness then had on hand, of the stock insured, $8,245.35, and that he had afterwards purchased goods to the amount in value of $8,028.43. From the aggregate of these two sums the amount of sales was given, to be deducted so as to show the value of the goods burned. The items of the several purchases purporting to give dates, amounts, and names of persons and firms from whom purchased were included in this sworn statement. There was a verdict and judgment for the plaintiff below, from which the cause is brought into this court by petition in error.

The proof clearly shows that at the time of the fire the defendant in error had in his store at Elk Creek property covered by the policies in this case of greater value than $7,000, and that a notice of the loss was given to a local agent of the insurance company immediately after the fire and that the adjusters of the insurance companies appeared to endeavor to adjust the loss. Up to this point no fraud is claimed, and had the proof of loss conformed to the facts no objection would be made by the insurance companies, so far as we can see, to the payment of the loss. The fraud which is claimed to vitiate the policies is as follows : The defendant in error in making out his first proof of loss increased the amount of a number of the bills of goods purchased by him for some months before the fire, in the aggregate about $1,700. This proof was duly sworn to and cannot be justified, and probably would subject the affiant to a prosecution for perjury ; but does it forfeit the insurance? If so, why? So far as the testimony shows the design was not to defraud the companies, but to exaggerate the loss and thereby secure, if possible, prompt payment. This is reprehensible, but if no one is defrauded thereby it is difficult to perceive any just ground upon which to base a forfeiture. Such exaggeration may furnish a just cause for suspicion that the property burned was not of the value claimed for it; but that question is one of fact to be submitted to a jury, who are the judges of the credibility of the witnesses.

This is a new question in this state, and we desire to establish a rule which, while it will protect insurance companies in their just rights, will also shield the insured from the confiscation of their property upon fanciful or insufficient grounds. In *Marion v. Great Republic Ins. Co.*, 35 Mo., 148, a case in many respects resembling this, the policy provided that " If there appear any fraud or false swearing, the insured shall forfeit all claim under this policy." At the trial, evidence was given tending to prove

that the statement of loss made to the defendant by the plaintiff was false in regard to the amount of the loss. An instruction that the company was not liable in such case was refused by the trial court, and the refusal to give the same assigned for error. The supreme court says: "The clause in the policy in respect to false swearing is to be viewed in connection with all the other parts of the policy and the general nature of the contract; and so viewing it, it is obvious that it was intended thereby to require the insured to give the insurer real and reliable information as to the amount of the loss, and that a mistake or unintentional error, or misstatement of an immaterial matter, in the sworn statement would not avoid the policy, but the false statement must be willfully made in respect to a material matter, and with the purpose to deceive the insurer. Now, this instruction requires that the false statement (that is, the statement made in ignorance of its truth) shall have been knowingly made, but does not require that the jury shall find that it was in respect to a material matter, or made with an intention to deceive the defendant. It might probably be inferred that the matter was material; but under that instruction, if given, the jury would have been required to find for the defendant, notwithstanding that the false statement was not intended to deceive the defendant and did not deceive it, and that the plaintiff derived and could derive no advantage from it, and the defendant received and could receive no detriment from it. (*Hoffman v. Western Marine and Fire Ins. Co.*, 1 Lou., 216.)

"No doubt an indictment for perjury might be supported by proof of a swearing to the truth of matters of which the accused was ignorant (and which might in fact be true), but the prosecution for perjury is distinctly for the offense of false swearing, irrespective of the effect of the falsehood; whilst here the clause as to false swearing is a part of a contract between two persons and is important only in its effect, actual, presumed, or intended. It is

no part of the intention of the parties to punish one of them for an immoral or illegal act; but the provisions of the contract have reference only to their interests in respect to the subject-matter of the contract."

In *Marchesseau v. Merchants Ins. Co.*, 1 Rob. [La.], 438, the person insured swore that the property was worth $15,549, and the jury found it to be worth $8,000, and in *Gerhauser v. N. B. Merchants Ins. Co.*, 7 Nev., 174, he swore that the value of the property destroyed was $6,000, but the jury found it to be but $3,000; yet in both of those cases verdicts in favor of the insured were sustained.

To the same effect are *Wolf v. Goodhue Ins. Co.*, 43 Barb., 400; *Williams v. Phœnix Ins. Co.*, 61 Me., 67; *Unger v. People's Ins. Co.*, 4 Daly [N. Y.], 96; Wood on Fire Insurance, 1007–8. In all these cases the court held that the disparity between the value as sworn to by the insured and as found by the jury did not furnish evidence of fraud within the conditions of the policies, although it is evident in some of them that the insured must knowingly have overstated the value of the property destroyed.

In *Wolf v. Goodhue Ins. Co.*, *supra*, the defenses were that the insured set fire to the property himself, and that he was guilty of fraud and perjury in preparing the preliminary proofs. It was held that the fact that the jury found a sum much less than the amount claimed was no evidence that the jury found the issue of fraud against the plaintiff. In the case cited the proof of loss stated the value to be $3,041.36, while the jury found the value to be $675.06.

In *Unger v. People's Ins. Co.*, *supra*, the insured swore in the preliminary proof of loss that the cash value of the goods insured was $16,336.23 and that his loss of goods totally destroyed was $9,989.03, and $6,347.20 on property damaged. The referee found the value of the goods totally destroyed to be $6,500, and the damage to other goods to be $2,600.15. Daly, J., in delivering the opin-

ion of the court, says : "The fact that the plaintiffs in their preliminary proofs and in their testimony on the trial swore that the loss was about $3,489.03 more than the referee found it to be, is not even evidence of false swearing or fraud." Fraud is a question for the jury to determine from the evidence. To constitute fraud as against the insurance companies there must have been misrepresentations before the fire, in regard to a material fact or material facts by reason of which the policies were fraudulently procured or other matter of a fraudulent nature which would compel the companies in case of loss to pay for property which was not destroyed or not in existence. But if there is no fraud up to the time of the loss and the rights of the parties were thereby fixed, it is the duty of the insurer, upon due notice and proof thereof, unless these are waived, to perform its contract by paying the insured what is justly due, and a willful misrepresentation by the insured as to the amount of his loss, provided the actual amount of the same is in excess of the policy, will not cause a forfeiture thereof.

A contract of insurance, like any other, is made to be performed. A loss is liable to occur when least expected. The insurer has received and retains the consideration for the contract, and unless there are good and sufficient reasons for exemption, should perform the same; and any matter which did not affect the risk should not be permitted to work a forfeiture. There is some objection to the final proof of loss—that it was not served in time, and it is claimed that an instruction on that point is erroneous, as not based on the evidence.

There is sufficient in the evidence from which the jury were justified in finding such waiver and the jury were properly instructed. It is apparent that justice has been done and there is no error in the record. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.