HOME INSURANCE COMPANY OF NEW YORK v. J. W. WINN & COMPANY.

FILED OCTOBER 16, 1894.  No. 5676.

1. Insurance: NOTICE OF LOSS: FRAUD. A policy of insurance required the assured, in case of loss, to obtain and present to the company certified copies of all bills and invoices, the originals of which had been lost; to produce his books and accounts, and, if required, to submit to an examination on the subject of the loss. The policy also provided that "all fraud, or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy." The insured procured copies of invoices and willfully raised the amounts thereof so as to show purchases $1,700 greater than they were in fact, and by affidavit verified such false invoices. The jury, by its verdict, found that the actual value of the goods was less than the aggregate insurance. *Held*, That there had been false swearing and an attempt at fraud which constituted a good defense to an action on the policy.

2. ———. *Springfield Fire & Marine Ins. Co. v. Winn*, 27 Neb., 649, distinguished.

ERROR from the district court of Johnson county. Tried below before BROADY, J.

The facts are stated by the commissioner.

*S. P. Davidson* and *Fyke & Hamilton*, for plaintiff in error :

If assured willfully changed his invoices by increasing the amounts, and then swore said changed bills were true and correct, and presented them to the insurance company for the purpose of inducing it to make a more favorable settlement with him, he should not recover, and the court erred in refusing to thus instruct the jury. (*Virginia Fire & Marine Ins. Co. v. Saunders*, 22 Ins. L. J. [Va.], 270; *Claflin v. Commonwealth Ins. Co.*, 110 U. S., 81; *Moore v. Virginia Fire & Marine Ins. Co.*, 28 Gratt. [Va.], 518; *Weide v. Germania Ins. Co.*, 1 Dill. [U. S. C. C.], 442; *Hansen v. American Ins. Co.*, 57 Ia., 743; *Dolloff v. Phœnix Ins. Co.*, 82 Me., 266; *Lion Fire Ins. Co. v. Starr*, 12 S. W. Rep. [Tex.], 45; *Hammatt v. Emerson*, 27 Me., 308; *Foster v. Charles*, 7 Bing. [Eng.], 105; *Sleeper v. New Hampshire Fire Ins. Co.*, 56 N. H., 401; *Leach v. Republic Fire Ins. Co.*, 58 N. H., 245; *Smith v. Queen Ins. Co.*, 1 Hannay [N. B.], 311; *Security Ins. Co. v. Bronger*, 6 Bush [Ky.], 146; *Security Ins. Co. v. Fay*, 22 Mich., 467.)

*T. Appelget* and *C. K. Chamberlain*, contra.

IRVINE, C.

An action was instituted in the district court of Johnson county, wherein the plaintiff, styled as J. W. Winn, doing business under the firm name and style of J. W. Winn & Co., sued the Home Insurance Company to recover on a policy of insurance, written by that company in favor of

J. W. Winn & Co., on a stock of goods at Elk Creek, which, the petition alleged, had been destroyed December 22, 1886. A number of defenses were set up in the answer. Among these were that it had been represented to the company that the firm of J. W. Winn & Co. was not composed of Winn alone, but of Winn, one Nail, and other persons; that misrepresentations had been made to the insurer as to the value of the property; that no notice or proper proofs of loss had been presented, and that in violation of the terms of the policy the assured had fraudulently changed the accounts of purchases from wholesale houses which the policy required him to furnish, and had falsely and fraudulently, in an examination taken under the policy, represented his purchases of goods to be largely in excess of what they were in fact. There was a verdict and judgment for Winn, from which the insurance company prosecutes error.

The policy contained the following provision, immediately following the provisions in regard to proof of loss: "All fraud, or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy." Prior to this there was a requirement that the assured should produce certified copies of all bills and invoices, the originals of which had been lost. Winn presented proofs of loss, containing what purported to be copies of such invoices, and this statement was subscribed by him and he made oath thereto. He testifies himself that he knowingly and deliberately altered these invoices in such a manner as to make his purchases appear some $1,700 greater than shown by the invoices and greater than they had in fact been. His only explanation of this was that he had been informed by a Mr. Dale, who is not shown to have been connected with the plaintiff in error, that the company would cut his estimated loss in two and not allow as much as he proved. It is clearly established, without the slightest contradiction, that Winn's affidavit as to his

purchases was false; that he knew it to be false; that he made it deliberately with such knowledge for the purpose of deceiving the plaintiff in error in regard to the value of his stock. It has often been held under similar policies that a false statement as to a material fact, made willfully, entirely defeats a recovery. (*Claflin v. Commonwealth Ins. Co.*, 110 U. S., 81; *Geib v. International Ins. Co.*, 1 Dill. [U. S. C. C.], 443; *Huchberger v. Merchants Fire Ins. Co.*, 4 Biss. [U. S. C. C.], 265; *Dolloff v. Phœnix Ins. Co.*, 82 Me., 266; *Sleeper v. New Hampshire Fire Ins. Co.*, 56 N. H., 401; *Moore v. Virginia Fire & Marine Ins. Co.*, 28 Gratt. [Va.], 508; *Hanover Fire Ins. Co. v. Mannasson*, 29 Mich., 316.) Many of these cases hold that to avoid the policy under such a condition it need not appear that the false statement be such as to operate to defraud the insurance company; but in *Springfield Fire & Marine Ins. Co. v. Winn*, 27 Neb., 649, a case growing out of this same fire, a different rule was established in this state. It is there suggested that the testimony did not show a design to defraud the company, a conclusion which certainly could not be reached on the testimony in this case. The rule was there established that under such a policy a recovery would not be barred, provided the actual value was greater than the aggregate insurance. In other words, if the actual value of the stock was greater than the aggregate insurance, the overvaluation in the proofs, although willfully made, could not operate to defraud the company, and would, therefore, not be material. To this extent the case last cited has modified in this state the rule generally established. In the case of the *Springfield Fire & Marine Ins. Co. v. Winn* it was said that the proof clearly established that the value of the stock was greater than the aggregate insurance, while in this case the policy was for $1,000 and the verdict for $945.79, rendered under an instruction that the full amount of the policy, with interest, should be recovered if the value of the stock exceeded the aggregate insurance, but

that the loss should be apportioned among the different insurers if the value was less than the aggregate insurance. It is clear, then, that the jury found that the actual value was less than the aggregate insurance. In accordance with the rule established in *Springfield Fire & Marine Ins. Co. v. Winn*, the plaintiff in error requested the following instruction, which was refused: "(2.) The court instructs the jury that if you find from the evidence that plaintiff, after the fire, knowingly and willfully changed some of his bills of purchases by increasing the amounts thereof, and willfully made false affidavits that said bills which had been so changed by him were correct, and furnished said changed bills to defendant for the fraudulent purpose of deceiving defendant as to the amount of goods purchased by him between the time he took his last inventory and the time of the fire, he was guilty of such fraud and false swearing as vitiates said policy, and you will find for said defendant, unless the evidence shows that, at the time of the fire, plaintiff had on hand more than seven thousand dollars' worth of goods, and the burden is on the plaintiff to show that at the time of the fire he had in the store seven thousand dollars' worth of goods or more." This instruction was in accordance with the rule already referred to. It was applicable to the evidence and should have been given. The refusal to give this instruction was not corrected by any other portion of the charge. On the contrary, the court charged the jury that upon this point the fact that false affidavits had been made in the proofs would not defeat a recovery, but might be taken into consideration only as throwing light on the credibility of Winn as a witness.

A number of other questions are discussed in the briefs. Some of them are not based upon any sufficient assignments in the petition in error, others relate to questions which may not arise upon a new trial, and will, therefore, not be considered.

REVERSED AND REMANDED.