Argued 25 April; decided 12 June, 1899.

35   559
44   208

## FOWLER v. PHŒNIX INSURANCE COMPANY.

[57 Pac. 421.]

1. **Appeal—Harmless Error.**—Errors in rulings and instructions relating to a given defense or cause of action are harmless where the special findings of the jury indicate clearly that the general verdict was based entirely upon another defense or cause of action.

2. **Construction of Pleading After Verdict.**—Where a pleading is first objected to on appeal, all intendments are in favor of its sufficiency.

3. **Insurance—Effect of False Swearing.**—An intentionally false statement by an insured touching a material fact or matter of legitimate inquiry under the policy, as, for example, a false statement as to the articles claimed to have been lost, and their value, made for the purpose of defrauding and deceiving the company, renders a policy void, although the company has not been actually deceived or misled to its detriment.

4. **Idem.**—Under an insurance policy stipulating "that the entire policy shall be void in case of false swearing by the insured touching the insurance, whether before or after loss," a false statement by the insured concerning part of the insured property, made in the proofs of loss, with intent to defraud the company, avoids the entire policy, and no recovery can be had thereon, even for the loss of property other than that concerning which the false statement was made.

5. **Competency of Wife as Witness.**—Where a husband has testified concerning the loss of property in a fire, his wife is a competent witness on that subject, without his express consent, under Sections 712 and 713, Hill's Ann. Laws, since his testifying is equivalent to consent.

From Multnomah :   J. C. Fullerton, Judge.

Action by Joseph Fowler against the Phœnix Insurance Company of Hartford, Connecticut, to recover the sum of $500 for loss and damages alleged to have been sustained by the burning of insured property.   The policy sued on covers $350 on a dwelling house, $100 on household furniture, and $50 on family wearing apparel, all contained in such dwelling.   The complaint is in the usual form. The answer puts in issue the material allegations of the complaint, and sets up three separate defenses :   First. That the fire occurred either by the act or procurement of the plaintiff, and on that account defendant is not liable.   Second. That it is stipulated that the entire policy should be void if the insured concealed or mis-

represented, in writing or otherwise, any material fact
or circumstance concerning the insurance, or the subject
thereof, or if the interest of the insured in the property
be not truly stated, or in case of any fraud or false
swearing by the insured touching any matter relative to
the insurance, or the subject thereof, whether before or
after the loss ; that the plaintiff, in violation of this con-
dition, by his proof of loss, made under oath, and by his
verified complaint filed in the cause, has claimed and
sworn that he lost by said fire certain of his wearing
apparel, and has set forth the different articles by him
so claimed to be lost as aforesaid, which said wearing
apparel and the articles specifically named therein were
not contained in said house at the time of said fire, and
were not destroyed thereby, and that plaintiff thereby
misrepresented in writing a matter of fact concerning
the insurance and the subject thereof, and thereby at-
tempted to commit fraud upon the defendant, and falsely
swore to those certain facts which he knew to be untrue,
after the occurrence of said loss, and for that reason de-
fendant is not liable under said policy of insurance.
The third is touching the plaintiff's refusal to submit to
examination under oath regarding the loss, contrary to
the requirements of the policy. The allegations of the
answer are put in issue by the reply, and in this state
of the pleadings trial was had. The jury made special
findings upon questions submitted to them, as follows :
(1) "Q. Was the fire that burned the building described
in the policy introduced in evidence herein caused by
the act or procurement of the plaintiff? A. Don't know;
not sufficient evidence." (2) "Q. Did the plaintiff, in
his proof of loss, introduced in evidence herein, willfully
make and swear to any false statements as to the per-
sonal property destroyed by the burning of the building
described in the policy introduced in evidence herein?

A. Yes." (3) "Q. Was the wearing apparel described in the proof of loss introduced herein in the building described in the policy of insurance herein at the time said building was burned, and, if said wearing apparel was not in said building at the time the same was burned, by whom was said wearing apparel removed? A. No; plaintiff." A general verdict for the defendant was also returned into court, and, judgment having been entered thereon dismissing the action, plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. King Wilson.*

For respondent there was a brief over the name of *Stott & Stout*, with an oral argument by *Mr. Raleigh Stott.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1. The third defense was not insisted upon at the trial, and there is no question here concerning it. Many objections were interposed to the introduction of evidence and to the propriety and competency of certain instructions given the jury, based on the insufficiency of the facts stated in the answer to support the first two defenses. The special findings of the jury indicate unmistakably that the general verdict for the defendant was based entirely and exclusively upon the second defense. Under this condition or state of the record, if errors were committed by the court in the admission of such testimony, or in rendering its instructions, the case could not be reversed, in so far as they related to the first defense, because it is very apparent that they did the plaintiff no harm. It was held in *Kraemer* v. *Deustermann*, 40 Minn. 469 (42 N. W. 297), that, "where it is manifest that a

general verdict was rendered upon a particular theory of the facts, rulings and exceptions which could not in any way affect that theory will not be considered." This we believe to be sound in principle and decisive of the question. See, also, *Haight* v. *Sexton* — Cal. — (42 Pac. 637). This, in effect, disposes of all questions raised at the trial touching the insufficiency of the first defense, and it can make no difference now whether it was well stated or not.

2. But the sufficiency of the second further and separate defense is also challenged. We have examined this defense with due care, and, while it may not be as fully stated as it might have been, yet it is sufficient after verdict. No demurrer was interposed thereto, and, the question of its adequacy having been raised for the first time at the trial, at this stage all intendments must be taken in favor of the sufficiency of the pleadings.

3. It is next claimed that fraud or false swearing will not vitiate the policy, and prevent recovery thereon, if the company has not been actually deceived and misled to its detriment; in other words, if it should appear that an actual loss has been sustained, equivalent to the amount covered by the policy, then the false swearing of the policy holder and the attempt to defraud the company will not, within itself, operate to bar a recovery, because it is assumed that the rights of the parties became irrevocably fixed by the fire and the loss attending it. This theory of the law has some support in the cases, and it was so held in *Springfield Ins. Co.* v. *Winn,* 27 Neb. 649 (5 L. R. A. 841, 43 N. W. 401). But that case has been so distinguished by a later one in the same court (*Home Ins. Co.* v. *Winn,* 42 Neb. 331, 60 N. W. 575) as to render it of little weight as authority in this. The policy requires that the assured shall, in case of loss, and within sixty days after the fire, unless such time is ex-

tended in writing by the company, render a statement to
the company, signed and sworn to by the assured, stating
the knowledge and belief of the assured as to the time
and origin of the fire, the interest of the assured and of
all others in the property, the cash value of each item
thereof, and the amount of loss thereon ; and it is con-
cerning the false oath of the plaintiff, made in attempting
to comply with this condition, that the defendant com-
plains.   The parties have subscribed to the condition,
and thus it has become a material incident to the con-
tract itself. ·  Contracts of insurance, like other contracts,
should be construed so as to. carry into effect the inten-
tion of the parties in making and entering into them.
It was said by Mr. Justice MATTHEWS, in *Claflin* v. *Com-
monwealth Ins. Co.*, 110 U. S. 81 (3 Sup. Ct. 507), that :
"A false answer to any matter of fact material to the
inquiry, knowingly and willfully made, with intent to
deceive the insurer, would be fraudulent.   If it accom-
plished its result, it would be a fraud effective; if it fail,
it would be a fraud attempted.   And if the matter were
material, and the statement false, to the knowledge of
the party making it, and willfully made, the intention to
deceive the insurer would be necessarily implied, for the
law presumes every man to intend the natural conse-
quences of his act."   In *Dolloff* v. *Insurance Co.*, 82 Me.
266 (17 Am. St. Rep. 485, 19 Atl. 396), it was held, not-
withstanding it appeared the assured had suffered loss
to the full amount of the policy, yet that, by reason of
his attempt to deceive, mislead, and defraud the com-
pany, the policy, by virtue of its terms, was rendered
void, and the assured could not recover.   The purpose,
no doubt, of such a stipulation in the contract, is to
enable the insurer to ascertain the extent and amount of
the loss.   By the very nature of things, the company is
obliged in a marked degree to look to the assured, and

to depend very largely upon his statements and repre-
sentations for the ascertainment of the actual loss sus-
tained ; and hence it is required of him, and he has
accordingly agreed, under the penalty of a forfeiture of
his right to the enforcement of the contract, that he will
answer faithfully and truly touching the amount of such
loss.  It has therefore become a material part of the
contract that the policy holder shall answer truly touch-
ing the loss, so as to enable the insurer to decide upon
its obligations and liabilities, and thereby to protect itself
against false claims.  There is but little conflict in the
authorities upon the question, and it seems to be well
settled that any false swearing touching a material fact
or matter of legitimate inquiry under the policy, for the
purpose of deceiving and defrauding the company, know-
ing the same to be false, will render the policy void, and
no recovery can be had under it :  2 May, Ins. § 477 ;
*Virginia Fire Ins. Co.* v. *Vaughan*, 88 Va. 832 (14 S. E.
754);  *Insurance Co.* v. *Weides*, 81 U. S. (14 Wall.) 375 ;
*Geib* v. *International Ins. Co.*, 1 Dill. 443 (Fed. Cas. No.
5,298) ;  *Sternfield* v. *Park Fire Ins. Co.*, 50 Hun, 262
( 2 N. Y. Supp. 766).

    4.   As the special findings of the jury indicate, there
was evidence introduced tending to show that in making
his proofs of loss, the plaintiff swore falsely touching the
burning of his wearing apparel, presuming to give an
itemized statement of the loss sustained, when, as a mat-
ter of fact, such wearing apparel had been removed from
the building prior to the fire.  It is now urged that, as
the false swearing did not extend to the house itself, or
to the household furniture, the plaintiff was entitled to
recover for the loss incurred on those two items, notwith-
standing he may have sworn falsely concerning the loss
upon his wearing apparel.  This argument proceeds upon
the theory that the contract of insurance is divisible ; that

it contains, substantially, three contracts, for the purposes
of this controversy; and while false swearing or an at-
tempt to defraud might have rendered the policy void as
it pertained to the wearing apparel, yet that, notwith-
standing, plaintiff is entitled to recover as to the house
and furniture. This question must be determined by a
construction of the policy. The stipulation is: "This
entire policy shall be void   *   *   *   in case of any fraud
or false swearing by the insured touching any matter
relating to this insurance, or the subject thereof, whether
before or after a loss." This language seems to be gen-
eral in its scope and application, and would appear to
cover all fraud or false swearing which could have rela-
tion or be material to the proof of loss necessary to estab-
lish the plaintiff's right to recover under the conditions
of the policy. It is well understood that fraud practiced
by either party in the inception or during the formulation
and execution of a contract, if of any vital or material
consequence whatever, will vitiate such contract in its
entirety. In so far as this element is concerned, it was
unnecessary for the parties to have stipulated regarding
it in the policy, because its operation would have been
the same whether the stipulation was there or not, and
the policy would have been rendered void by reason of
any fraud practiced by the insurer in procuring its issu-
ance. Now, the parties to the policy have not only stipu-
lated that fraud in the inception of the contract shall
have the effect to destroy the policy and the right of
recovery thereon, but have extended its purview to the
making up of the proofs of loss, so as to afford the com-
pany protection from misrepresentation touching the
actual damage sustained by reason of fire. As we have
before intimated, the insurer must depend largely upon
the oath of the insured, and the account he may render
of the amount of damages incurred by him for which he

claims indemnity under the policy, and it was for this reason mainly—perhaps entirely—that the parties stipulated that any fraud or false swearing which might be indulged in touching the proofs of loss should have the same effect as if it had been practiced in the inception of the contract; and this is a matter with regard to which the parties had the right to contract if they saw fit.

In *McGowan* v. *Insurance Co.*, 54 Vt. 211 (41 Am. Rep. 843), the court, speaking through TAFT, J., announced the following doctrine: "The general rule, 'Void in part, void in toto,' should apply to all cases where the contract is affected by some all-pervading vice, such as fraud, or some unlawful act condemned by public policy or the common law; cases where the contract is entire, and not divisible; and all those cases where the matter that renders the policy void in part, and the result of its being so rendered void affects the risk of the insurer upon the other items in the contract." To the same effect, see 1 May, Ins. § 277, note 5. We are impressed that this rule is especially applicable in arriving at the rightful construction of the policy under consideration. It was thought by the learned judge that it was sufficient to reconcile the apparently conflicting decisions touching the question of the divisibility of the contract of insurance. In *Moore* v. *Virginia Fire Ins. Co.*, 28 Gratt. 508 (26 Am. Rep. 373), it was held, upon the construction of a policy similarly worded to the one at bar, that false swearing as to one of the items covered would render the policy void, and that recovery could not be had for any other item therein, although not involved in the false proof. A similar construction has been given to policies of insurance where fraud was not involved. In *Smith* v. *Insurance Co.*, 118 N. Y. 518 (23 N. E. 883), the wording of the policy was: "If the property, either real or personal, or any part thereof, shall be incum-

bered by mortgage, judgment, or otherwise, it must be
so represented to the company in the application ; other-
wise, this entire policy, and every part thereof, shall be
void.'' It was held, under the particular stipulation,
that an incumbrance upon the real estate extended to
the personal property contained in the building insured,
and operated to render the entire policy void. All these
decisions, as we understand them, are based upon a
proper construction and interpretation of the contract
of insurance, and we have to look to the intention of the
parties in making the contract to ascertain what the
relief should be and what defenses might be interposed
in case of the attempted enforcement thereof.

There are many cases holding that the contract is sev-
eral, but its severability depends upon the intention of
the parties, as gathered from all its terms, stipulations,
and conditions. We may instance a case in which the
policy declares that it shall be void for any subsequent
alienation by the insured. If only a part of the entire
subject of insurance be alienated, and this without in-
creasing the risk to the rest, the policy would not be
thereby wholly avoided : *Trabue* v. *Dwelling House Ins.
Co.*, 121 Mo. 75 (42 Am. St. Rep. 523, 23 L. R. A. 719,
25 S. W. 848). And where an insurance is effected upon
several houses in a gross sum, and the policy thereafter
designated a definite sum upon each, if a part of the
houses only are permitted to become vacant, contrary to
the stipulations, it will not avoid the policy upon those
that remain occupied : *Connecticut Fire Ins. Co.* v. *Tilley*,
88 Va. 1024 (29 Am. St. Rep. 770, 14 S. E. 851). These
and other cases of similar import well illustrate the prin-
ciple we desire to announce. We have found no case
where fraud or false swearing is introduced as an element
in the consideration wherein the contract is construed to

35 OR.—37.

be divisible, except in Texas, and the statute of that state is held to be the controlling factor in the construction. These considerations sustain the action of the court below.

5. There is another question in the case requiring notice. The wife of the plaintiff was permitted to testify touching the removal of the wearing apparel from the dwelling prior to the fire, and it was objected that it was incompetent for her to testify without his consent. But the plaintiff had previously testified that such wearing apparel had been destroyed, and, he being a party to the action, this was tantamount to his consent to her examination upon the same subject: Hill's Ann. Laws, §§ 712, 713.          AFFIRMED.

Decided 26 June, 1899.