# Richmond.

WILLIAMS v. VIRGINIA STATE INSURANCE COMPANY.

December 6, 1906.

Absent, Buchanan, J.

1. FIRE INSURANCE—*Several Policies—Fraud Relating to One Only.*—In an action upon two policies of insurance issued to the assured at different dates—one upon a house and the other upon its contents—each containing a provision that the policy shall be void "in case of any fraud or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss," it is error to instruct the jury that if they believe there were any false representations or any false swearing as to any of the property insured, it would avoid both policies and they must find for the defendant. The policies are wholly distinct and separate contracts, and fraud with reference to one only would not vitiate the other.

Error to a judgment of the Circuit Court of Nelson county in a proceeding by motion for judgment for money. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Caskie & Coleman,* for the plaintiff in error.

*Brown & Brown,* for the defendant in error.

HARRISON, J., delivered the opinion of the Court.

This proceeding by notice was brought to recover judgment against the Virginia State Insurance Company upon two poli-

cies issued by it to protect the plaintiff from loss or damage by fire. Policy No. 245080 was issued November 8, 1902, for a term of one year, in consideration of $10, for $400 of insurance upon a frame building used for conducting a mercantile business. Policy No. 252851 was issued December 15, 1902, for a term of one year, in consideration of $5, for $200 of insurance, upon certain meat and corn contained in the frame store building mentioned in policy No. 245080. Each of these policies contained a provision that the entire policy should be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." A violation of this provision of these policies by the plaintiff was relied on by the defendant company as one of its grounds of defense.

Bill of exception No. 3, duly taken upon the trial, was to the action of the court in giving, at the request of the defendant, an instruction to the effect that if the jury believed there were any false representations or false swearing as to any of the property insured that the result was to violate both of the policies sued on, and they should find for the defendant.

We are of opinion that this instruction was erroneous. The two policies sued on are as distinct and separate contracts as if they had been made with different companies. The provision in each referred to "this insurance." It did not have, and could not have had, reference to any other insurance than that covered by the policy in which it was contained. If there was any false swearing as to the storehouse, it vitiated that policy; if there was false swearing as to the meat and corn, it vitiated the policy taken out upon those articles. The evidence of false swearing, if any, tended to show that it was with respect to the quantity of meat and corn consumed by the fire, which was insured for $200 in policy No. 252851. The instruction, in effect, told the jury that if they believed there was false swearing with respect to the meat and corn the result would be to vitiate policy No. 245080, for $400, taken out at a different

time on the building, and that the plaintiff would not be entitled to recover under it.

There are cases which hold that where different items of property are insured in the *same policy* and a false statement is made as to a part there can be no recovery for that as to which no false statement is made; the contract being treated as an entirety. *Moore v. Va. F. & M. Ins. Co.,* 28 Gratt. 508, 26 Am. Rep. 373. But no authority has been cited in support of the proposition contained in the instruction under consideration, and our own investigation has resulted in failure to find anything bearing on the subject. The statement of the proposition that false swearing as to one contract of insurance would vitiate not only that policy, but would also vitiate another wholly separate and distinct policy of insurance, taken out at another time and upon other property, would seem to be sufficient to show its fallacy.

As the judgment must be reversed for the error set forth in bill of exceptions No. 3 it is unnecessary to consider other questions raised, for the reason that they are not likely to arise on another trial. Nor would it be proper, under the circumstances, to comment upon the evidence.

The judgment complained of must be reversed, the verdict set aside, and the case remanded for further proceedings not in conflict with this opinion.

*Reversed.*