Miss Mollie Epperson *v.* Westchester Fire Insurance Co.*

(*Knoxville.*   September Term, 1927.)

Opinion filed October 15, 1927.

**FIRE INSURANCE.   Misrepresentations.**

Material misrepresentations made by a policy-holder on behalf of another concerning his claim under a separate policy will not invalidate a claim for loss sustained in the same building and at the same fire by the holder of another policy in a different company, even though the policy provides "This entire policy shall be void if the insured has concealed or misrepresented in writing, or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." (Post, p. 623.)

Citing: 26 C. J., 383; Williams v. Virginia State Ins. Co., 106 Va., 259.

*Headnote 1.  Fire Insurance, 26 C. J., section 492.

---

**FROM HAMILTON.**

---

Appeal from the Circuit Court of Hamilton County.— Hon. Oscar Yarnell, Judge.

C. A. Noone and Joe V. Williams, for plaintiff.  ·

G. B. Murray, C. S. Littleton and Cooke, Swaney & Cooke, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was a suit on a fire insurance policy covering household goods and other personal effects. In a companion suit heard with this the father of plaintiff was denied recovery on a policy held by him in another company on goods located in the same building, and destroyed in the same fire, on the ground of misrepresentations as to the property covered by his policy. The judgment in his case is not here for review. The daughter, petitioner here, complains of the judgment of the Court of Appeals, denying her recovery on her separate policy in a different company, because it is rested on the ground that she joined with her father and was a party to the false representations made by him to the adjuster touching his claims. The petition has been granted and argument thereon heard.

From the opinion of the Court of Appeals and examination of the record it does not appear that this petitioner "swore falsely to any paper which was filed with her company" (Court of Appeals Op. P. 5), or was guilty of making to the representative of her company any material misrepresentations as to her claim. The provision of the policy relied on by the defendant is as follows: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter *relating to this insurance* or the subject thereof, whether before or after a loss." The italics are ours and emphasize a distinction which we conceive to be *controlling* here.

Conceding that petitioner was a party to material misrepresentations made by or on behalf of her father concerning his claim under his separate policy, (which she claims were made under a mistake or misunderstanding), we are not of opinion that such conduct can be so related to her claim under a separate policy in another company as to invalidate her claim. This is so, not only by the terms of the policy provisions relied on, but it is in accord with well established general rules. "A recovery is not defeated by false statements in proofs made under another policy issued by a different company on the same property"—26 C. J., 383. And *Williams* v. *Virginia State Ins. Co.,* 106 Va., 259, appears to be in point, holding that false representations as to the property insured under one policy do not avoid another and different policy, that the two, "are wholly distinct and separate contracts, and fraud with reference to one would not vitiate the other." In this Virginia case the parties were the same to both policies, the contracts only being distinct. The rule more certainly applies when, as here, the parties involved are wholly different.

Reversed and remanded.