Argued February 2; decided February 28, 1898.

BRITISH INSURANCE COMPANY v. LAMBERT.

[52 Pac. 180.]

1. LAW OF THE CASE.— A decision on appeal becomes the law of the case as to the question decided, and is binding both upon the parties and the court in further proceedings in such case.

2. APPEAL — IMMATERIAL RULING.— The rulings of the trial court on certain of the defenses proffered by defendant will not be reviewed on appeal where the special verdict of the jury shows that the verdict and judgment for plaintiff were rendered upon a ground which required such a verdict and judgment, whatever might have been held with reference to the other defenses.

From Multnomah: E. D. SHATTUCK, Judge.

This is an action by the North British and Mercantile Insurance Company against respondents, its agents, to compel reimbursement by them of a loss which the company was compelled to pay under one

of its policies, on the ground that the agents disobeyed instructions in writing that policy, and negligently failed to cancel it, when directed so to do by their principal. There was judgment for defendants, and plaintiff appeals.

AFFIRMED.

For appellant there was an oral argument by *Mr. Milton W. Smith*, with a brief over the names of *Mr. Smith* and *Mr. Walter S. Perry*.

For respondents there was an oral argument by *Mr. Zera Snow*, with a brief over the names of *Snow & McCamant*.

MR. JUSTICE WOLVERTON delivered the opinion.

This is an action by a fire insurance company to recover against its agents for issuing its policy of insurance upon a certain vinegar factory, contrary to instructions, and for failure to cancel such policy when directed so to do, and is here upon the second appeal. One of the defenses pleaded is that defendants were the agents of the assured as well as the plaintiff, with full power and authority to accept and receive other insurance in lieu of the policy issued by plaintiff, and to assent for and in behalf of the assured to the substitution thereof for plaintiff's said policy; that defendants, when directed to cancel said policy, immediately, and prior to any loss, effected oral insurance upon said property for a like amount with another company (the New Zealand), in behalf of the assured, which was taken and accepted in lieu of plaintiff's policy. Evidence was offered at the trial

tending to support this defense, and the jury, under the direction of the court, made the following among other special findings: "12.   Did Lambert & Sargent confer with the manager of the New Zealand Insurance Company, and on August 24, 1892, arrange with him in behalf of the vinegar company for an insurance upon the vinegar company's property for the sum of $1,000, and for the issuance of a policy therefor in the usual form of policies of that company to the vinegar company; this arrangement for insurance to take effect August 24, 1892, at 12 o'clock noon of that day, and was this an arrangement for insurance in lieu of plaintiff's policy to the vinegar company, and in substitution for the plaintiff's policy on the property in question?   Answer; 'Yes.'   13.   If the jury answer yes to the foregoing question, then the jury is requested to answer this question, viz:   Did the authority of the Western Vinegar Company to Lambert & Sargent extend to the making of such an arrangement, and did the fire occur after a time when the insurance arranged for in the New Zealand Company was to go into effect?   Answer; 'Yes.'"

1.   The general verdict was for the defendants. These special findings of the jury support the plea, which was held to constitute a good defense, upon the first appeal: *British Insurance Company* v. *Lambert*, 26 Or. 199 (37 Pac. 909).   That decision has become the law of the case, and is binding both upon the parties and the court.   The general verdict is a logical sequence of the special findings.   None other could have proceeded therefrom.

2.   Two other questions arose in the course of the

trial, in the disposition of which, it is contended, the court was in error—one upon the introduction of evidence, the purpose of which was to show a waiver of the company's prohibition against taking insurance upon vinegar factories, and the other upon an instruction to the jury which left it to them to determine whether there was reasonable time subsequent to the receipt of instructions to cancel, and the time of the loss, for Lambert & Sargent, under the existing and surrounding circumstances, to have taken up and cancelled the company's policy, and thereby relieved it of the risk. It is apparent, from the special findings above alluded to, that the result would have been the same whatever view the court below might have taken of these questions, whether right or wrong. It becomes unnecessary, therefore, for a determination of the case to discuss or decide them here, as in any event the judgment of the court below must be sustained.

AFFIRMED.

Decided March 21, 1898.