[S. F. No. 3391.   Department Two.—May 9, 1905.]

## ALEXANDER FRASER, Appellant, v. CALIFORNIA STREET CABLE RAILROAD COMPANY, Respondent.

ACTION FOR INJURY — CONTRIBUTORY NEGLIGENCE — RIDING ON FOOT BOARD OF STREET-CAR — EVIDENCE — SUPPORT OF VERDICT.—In an action to recover damages for an injury sustained by the plaintiff from collision with a vehicle standing a foot distant from the body of a car upon the footboard of which he was riding, where the verdict was for the defendant, and the evidence showed that the plaintiff might have taken a more secure position, and might have escaped injury by holding his body well within the lines of the car, and keeping a lookout to avoid the collision, it cannot be said as matter of law that the jury were not warranted in finding from the evidence that plaintiff's injury was the proximate result of his own negligence.

ID.—AVOIDANCE OF INJURY BY EMPLOYEES—RULE INAPPLICABLE—RIGHTS OF EMPLOYEES.—Where there was no evidence to show that the

employees of the street-car company had any notice that plaintiff was in a dangerous position, or was conducting himself in a dangerous manner, the rule that they must use the last clear opportunity to avoid the injury is inapplicable; and they had the right to assume that persons riding where the plaintiff rode would use reasonable care, and not allow themselves to come in collision with objects no nearer than a foot from the body of the car.

ID.—HARMLESS EXCLUSION OF EVIDENCE AS TO INJURY.—The verdict having been rendered for the defendant, based on the ground of the contributory negligence of the plaintiff, the exclusion of evidence of an X-ray photograph bearing upon the injury, and of evidence bearing upon the permanence of the injury, is harmless to the plaintiff.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion.

Gavin McNab, for Appellant.

Deamer & Stetson, and William H. Hamilton, for Respondent.

GRAY, C.—Action for injury to the person of plaintiff through the negligence of defendant while the former was a passenger on a street-car of the latter. The defendant had a verdict and judgment in its favor, and the plaintiff appeals from an order denying him a new trial.

Appellant's first and principal contention is, that the verdict is contrary to evidence because the evidence shows that the defendant's negligence was the proximate cause of plaintiff's injury. Without substantial conflict, the evidence shows that the plaintiff as a passenger boarded defendant's car going west on California Street at the northwest corner of California and Sansome streets. The car at that time was well loaded with passengers, the seats being all taken, with three or four standing inside the middle or inclosed section of the car, and one standing on the rear platform at the front of the rear open section, and with his back against the right-hand rear window of the closed or middle section. Plaintiff, a young man, twenty years of age, with some two years' experience in riding on these same cars, took a standing position

on the right-hand rear "foot or running board just above the ground that passengers use in getting on and off the cars," holding to the stanchion with one or both hands. At this time there were no persons standing on the platforms or footboards of the front open section, and plaintiff seems to have been the only one standing on the footboards of the rear open section. There was but one person standing on the platforms of the rear open section of the car, so far as the evidence discloses. It is apparent that the plaintiff was not forced to ride on the footboard of the car, but might have taken a more secure position thereon, if he had seen fit to do so. He rode in this position across Leidesdorff Street, a distance altogether of one short block, when his body came in collision with the front footboard, otherwise called the dashboard, of a heavy wagon that was standing stationary, backed into the curb, "not exactly square," on the north side of California Street, just west of Leidesdorff, the horses hitched thereto turned west up California Street at right angles with the wagon. The motor-man saw this wagon just west of Sansome Street and ap-proached it at half-speed. He passed it without any part of it coming in contact with the car, and estimates that the dash-board or footboard in question came no nearer than twelve or fourteen inches from the closed section of the car. Another witness familiar with the measurements of the car says that the footboard on which plaintiff stood extends but four inches beyond the outside line of the inclosed part of the car. It appears then that the footboard or dashboard of the wagon which injured the plaintiff must have been at least eight inches outside of the outer edge of the footboard upon which plaintiff stood when injured. If the jury believed this evi-dence,—and we must in support of the verdict presume that they did believe it,—they were probably satisfied that the de-fendant negligently failed to keep a lookout in front and negligently swung his body further out from the stanchion than was necessary or compatible with safety. We do not mean to say that it is negligence *per se* for a passenger to ride where the plaintiff rode; but we do think that common prudence required that he should while riding there either keep his body well within the lines of the car, or if he was disposed to swing out beyond those lines he should have kept a diligent lookout to avoid coming in contact with other

vehicles. There is no evidence that there was any irregularity in the track or any lurching of the car or moving of the wagon. It is common knowledge that on the streets of a city like San Francisco the street-cars are continually passing other vehicles even closer than twelve inches, and the plaintiff must have known of that fact. The facts and conclusions to be drawn therefrom were for the jury, and we cannot say as a matter of law that they were not warranted in finding from the evidence that plaintiff's injury was the proximate result of his own negligence.

The cases of *Lee* v. *Market-Street Ry. Co.*, 135 Cal. 295, *Esrey* v. *Southern Pacific Co.*, 103 Cal. 541, and other cases cited by appellant bear very little analogy to the case in hand. The principle that "he who last has a clear opportunity of avoiding an accident by the exercise of proper care to avoid injuring another must do so" cannot be applied to the facts of this case. There is no evidence here that the employees of defendant at any time had any notice that plaintiff was occupying a dangerous position or was conducting himself in a negligent manner. They had a right to assume that persons riding where plaintiff rode would use reasonable care, and at least not allow themselves to come in collision with objects that came no nearer than a foot from the body of the car.

Several instructions of the court to the effect that defendant is not responsible for any injuries to plaintiff which were the proximate result of his negligent failure to use his natural senses for his own safety are complained of. It is well-settled law that if the negligence of the plaintiff contributes proximately to the injury of which he complains he cannot recover. The instructions complained of are within that rule, and in no way do they conflict with the other rule already referred to, that he who has notice of another's danger and a clear opportunity to prevent his injury must take advantage of that opportunity or be liable for his negligence in failing so to do, even though the other person may have been placed in the position of danger by his own negligence.

The alleged error of the court in excluding the X-ray photograph of plaintiff offered by him in rebuttal did not harm the plaintiff. The verdict for defendant must have been based on the ground that the injury to plaintiff was the result of his

own contributory negligence and not on any ground that he had not suffered injury, for the evidence without conflict shows that he did suffer serious injury. The X-ray photograph could have thrown light on nothing but the extent of the injury suffered, and this becomes immaterial in view of the verdict that plaintiff is not entitled to recover at all. The same thing may properly be said of the question asked as to whether the plaintiff was *permanently injured.* We see nothing further in the case requiring special notice.

We advise that the order appealed from be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Henshaw, J., Lorigan, J., McFarland, J.