Argued June 3, affirmed July 8, 1924.

# J. W. O'BRIEN v. E. ROYCE AND B. ROYCE, DOING BUSINESS AS PORTLAND TAXICAB CO.

(227 Pac. 520.)

**Highways—Failure to Stop After Automobile Accident not Submitted as Act of Negligence Contributing to Injury.**

1. Instructions *held* not to submit to jury as an act of negligence contributing to injury fact of defendant's failure to stop after running into plaintiff on the highway.

**Highways—Trial—Instruction Held to Accord With Theory of Defense, and "Park" Need not be Defined Unless Requested.**

2. Instruction that, if plaintiff parked his car on main traveled part of highway, and it was not so disabled as to prohibit its removal, he would be negligent, *held* to accord with theory of defense, and without error; "park," as used in Gen. Laws of 1921, page 712, Section 2, subdivision 19, being term of such general use that failure to define it without request was not error.

**Appeal and Error—Any Error in Instruction Held Harmless, in View of Jury's Answer to Submitted Question.**

3. In action for personal injury from automobile collision, where jury found that plaintiff's automobile was not parked on main traveled part of highway, any error in instruction on issue of plaintiff's negligence in parking on main traveled part was harmless.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is an appeal from a judgment in favor of plaintiff, for personal injuries alleged to have been caused by the negligence of an employee of defendants in the operation of a motor vehicle.

Plaintiff avers, at paragraphs 1 and 2, the business of defendants to be that of operating taxicabs and automobiles for hire; that at all times mentioned herein, the defendants were the owners of an automobile bearing Oregon license No. 41533, which, at the time of the accident, was operated by one H. F. Stanley, an employee and driver of defendants.

Paragraph 3 alleges that on November 18, 1922, while plaintiff was making an adjustment on his Ford automobile, which was then standing at the extreme northerly and right-hand side of what is known as the Base Line road, about two miles east of the City of Portland, and headed in a westerly direction, towards the City of Portland, the automobile owned by defendants and operated by Stanley collided with plaintiff, without any fault or negligence on his part, seriously and permanently injuring him. Paragraph 4 avers that at the time and place of the accident defendants were negligent in the following particulars: that the automobile of defendants was being operated at a greater speed than thirty miles per hour, namely, at a speed of approximately forty-five miles per hour, and at a high, dangerous and reckless rate of speed with respect to the character of the place where the accident occurred; that the driver of the defendants' automobile failed to keep a proper, or any, lookout; failed to sound any horn, or otherwise to give an alarm of his approach, and failed to have the automobile under control, but operated it in disregard of plaintiff's rights. Subdivision "e" of paragraph 4 relates to the conduct of Stanley, the driver of defendants' car, in failing to stop and render aid and assistance after the accident occurred. Paragraph 5 avers that as a natural and proximate result of the carelessness and negligence of the driver of defendants' car, the plaintiff was permanently injured; that he was struck by defendants' car and dragged for a distance of more than fifty feet; that he was seriously injured about the head and back, limbs and right hip; that the ligaments, tendons and muscles of his back were bruised, lacerated and torn, and that he sustained a fracture of the femur

of the right leg, as a result of which the bones of that leg overlapped more than four inches, necessitating an operation in order to plate the bones and hold them in apposition. He averred that as a result of his injury, he was caused to suffer severe and excruciating agony and mental anguish, and that he has been confined to the hospital at all times since the injury and up to the time of the commencement of the action. He demanded judgment in the sum of $25,000, and, further, that defendants be required to pay the sum of $500 for doctor bills, $238.30 incurred for hospital charges, medicines, bandages and surgical appliances, and the further sum of $15 for X-ray.

Defendants, answering, admit paragraphs 1 and 2, and deny paragraphs 3, 4, 5 and 6, and the whole thereof. For a further and separate answer and defense, defendants alleged that at the time of the accident a dense fog hung over the road, making it impossible to distinguish objects at a greater distance than twenty feet; that at that time the defendants were the owners of an automobile operated by an employee who was then proceeding in a careful and lawful manner, and at a speed of about twelve miles per hour, along the right-hand side of the Base Line road near a place commonly known as Ventura; that at that time and place, a Ford coupe, under the control of the plaintiff, J. W. O'Brien, was "carelessly and negligently parked by plaintiff, headed in a westerly direction, on the main-traveled portion of said road and highway, to the right of the center line thereof, the right wheels of said coupe being approximately four feet within the main-traveled portion of said road and highway." They then aver negligence upon the part of the plaintiff in failing to have any lights on the rear of his coupe, or elsewhere, visible

to one approaching from the rear. It is further averred that at the time and place of the accident, a companion of plaintiff had parked his Ford on the right-hand side of the road and a few feet to the rear of plaintiff's coupe, in such manner that the front wheels and hood of the companion's Ford extended on to the main-traveled portion of the highway: that Stanley, defendants' employee, was proceeding on the extreme right of the main-traveled portion of the road;

"that upon approaching said automobile so parked by plaintiff's companion * * , said employee turned said taxicab to the left in order to pass the same, and upon passing said automobile, turned said taxicab to the right toward the right-hand side of said highway, and as he turned said taxicab back to the right, he perceived said Ford coupe of plaintiff directly in front of said taxicab and but a few feet away; that owing to the way said taxicab was then headed, and the nearness of said Ford coupe so carelessly and negligently parked on said highway, without lights, by plaintiff, as aforesaid, it was impossible to pass the same on the left-hand side or attempt to do so without colliding with the same; that said employee thus placed in a position of extreme peril through the carelessness and negligence of plaintiff in parking said coupe on the main-traveled portion of said highway, without lights, as aforesaid, and in an attempt to avoid a collision which was then imminent, turned said taxicab further to the right and passed said coupe on the right-hand side, and in so passing said taxicab struck a door of said coupé, which was then standing open at the right-hand side thereof; that said employee, seeing no one about said coupe, and perceiving that the same was without lights, believed it to be an abandoned car and proceeded along said highway."

Defendants aver that the plaintiff was careless and negligent in the following particulars:

"(a) That plaintiff carelessly and negligently parked his said coupe upon the main-traveled portion of said highway.

"(b) That plaintiff carelessly and negligently failed and neglected to have any lights on the rear of said coupe, or any lights thereon whatsoever visible to vehicles approaching from the rear.

"(c) That plaintiff carelessly and negligently parked his said coupe upon the main-traveled portion of said highway in such a position and manner as to be in the direct path of vehicles attempting to pass said automobile parked in the rear of plaintiff's coupe as aforesaid.

"(d) That plaintiff carelessly and negligently parked his said coupe upon the main-traveled portion of said highway when a dense fog prevailed, without posting any light or other device to warn approaching vehicles of the position of said coupe."

The reply denied defendants' further and separate answer and defense.

On trial, a verdict was returned in favor of the plaintiff and against the defendants, in the sum of $20,000 damages, and $753.31 for expenses incurred. From a judgment entered thereon the defendants appeal to this court, assigning error in the giving of certain instructions and in refusing another requested by defendants.        AFFIRMED.

For appellants there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. John C. Veatch,* with an oral argument by *Mr. Veatch.*

For respondent there was a brief over the name of *Messrs. Lonergan & Wagner,* with an oral argument by *Mr. Frank C. Lonergan.*

BROWN, J.—The plaintiff's testimony is to the effect that on the night of November 17, 1922, J. W.

O'Brien, plaintiff herein, accompanied by his wife, with Harry L. Houston and Miss Lorna Graham, was driving a Ford coupe in a westerly direction on his return to Portland by way of the Base Line road. As the party neared Ventura, a point on that road about two miles east of Montavilla, which is just within the city limits of Portland, the supply of gasoline became exhausted. They got out of the machine,. pushed it off the pavement, and left it parked on the northerly or right-hand side of the Base Line road, which is practically level at that point. They then proceeded to walk to Portland. When they reached Montavilla they met a young man by the name of Leon V. Starr, who, upon their request, agreed to convey them to their respective homes in Portland. Upon approaching a "filling station" that was yet open, they decided to procure some gasoline and go back to the coupe. After O'Brien bought the gasoline, Starr drove them back over the Base Line road to the place where they had parked the coupe beside the road. When they reached the place, Starr parked his machine entirely off, but near, the paved portion of the road, at a distance of approximately thirty feet behind the O'Brien car, throwing the front lights upon the rear of the O'Brien car in order that they might have light so as to empty the gasoline into the tank of the coupe. The engine of Starr's car continued to run. Both cars were headed towards Portland. O'Brien next attempted to start the engine of his machine. In this he failed, and it was decided that if the coupe were placed on a level the gasoline would then reach the carburetor. Thereupon they moved the coupe a few feet towards the pavement, until its left-hand wheels were on the extreme edge and northerly side of the paved portion

of the highway. Its lights were burning. It was still headed towards the west and on the right of the pavement. Very soon after it was placed in that position, a car was seen approaching from the east on the Base Line road, traveling at thirty-five to forty-five miles an hour. This car belonged to defendants and was operated by H. F. Stanley, their employee. As it approached, defendants' car struck the left-hand side of Starr's automobile and passed between it and the O'Brien coupe, striking O'Brien, who was standing on the right-hand side of the pavement, and dragging him approximately sixty-five feet. Stanley continued on his way until overtaken by Starr who, when Stanley failed to stop, jumped into his car and followed Stanley. Starr testified that in overtaking defendants' car he drove his own car at the limit of its speed and kept in sight of Stanley, but did not overtake him until he reached Montavilla, where he slowed down.

There is no contention concerning the fact that plaintiff, while standing near a paved way, was struck down by defendants' automobile, dragged sixty or seventy feet, and seriously injured. There is a conflict in the evidence as to whether the night was foggy or clear, as to whether plaintiff's lights were burning, and as to whether plaintiff's automobile was parked upon the main-traveled portion of the Base Line road. These questions have been disposed of by the jury.

It will be remembered that the defense is that of contributory negligence, based upon subdivision 19, Section 2, Chapter 371, General Laws of 1921, reading:

"No vehicle used upon the public streets, roads or highways of this state shall be left standing unse-

cured or without its motive power being so secured that the same cannot be operated or the vehicle moved without some act upon the part of the owner or operator. No vehicle shall be parked upon the main-traveled portion of the highways of this state; provided, that this shall not apply to any vehicle so disabled as to prohibit the moving of the same."

The question as to whether or not the plaintiff was guilty of contributory negligence in placing his car along the paved way with the two left wheels upon the pavement was not passed upon by the court as a matter of law, but, at the request of defendants, two special findings were submitted to the jury and passed upon by that body. The findings and answers read:

"1. Did the plaintiff, at the time of the accident, have his car parked on the main-traveled part of the road?

"(A.) No.

"2. Was the fact that plaintiff's car was parked on the main-traveled part of the road one of the causes of his injury?

"(A.) The car was not parked on the paved highway."

"EUGENE PALMER,
"Foreman."

1. The defendants assign error of the court in submitting to the jury as an act of negligence contributing to the injury the fact of the defendants' failure to stop after the accident. Clearly, that question was not presented to the jury. It is true that such an allegation was made by the complaint, and was denied by the defendants; but that was not an issue submitted by the court to the jury for any purpose. The averments of the complaint submitted to the jury related to the operating of the motor vehicle on the public highway at a speed of approximately forty-five

miles an hour, and at a high, dangerous and reckless rate of speed with respect to the character of the place where the accident occurred, and to the failure of defendants' agent to keep a lookout and to sound any horn or give any alarm or warning. Defendants contended that plaintiff parked his car on the main-traveled part of the highway.

2. Error is also assigned because the court gave the following instruction:

"The law of this state is, that no vehicle shall be parked upon the main-traveled part of the highway of this state; provided, that this shall not apply to any vehicle so disabled as to prohibit the removing of the same. So that, if you find, ladies and gentlemen, from a preponderance of the evidence, that the plaintiff negligently parked his car upon the main-traveled part of the highway, and you further find that the car was not disabled so as to prohibit the removing of the same, this would be negligence as a violation of the law of the state, and the defendant would be entitled to prevail upon this issue, provided that such negligence directly and proximately contributed to the injury sustained by plaintiff, and plaintiff would not be entitled to recover in this case."

There was no error in giving the foregoing instruction in lieu of the one requested. It accords with defendants' theory of defense. The first sentence states the law as it is written, and is free from error.

The court was not requested to define the word "park," as used in the statute. It is a term that has come into general use, and probably every juror understood its meaning.

3. It is asserted that the court committed error in the second sentence of that instruction, in that it required the jury to find, in the determination of the question of contributory negligence, that the plain-

tiff negligently parked his car on the main-traveled part of the highway, whereas it was negligence *per se* for the plaintiff to park his car upon that part of the highway in any event, unless it was so disabled as to prohibit the removing of the same. In this instruction, the court followed defendants' pleading. In their defense of contributory negligence, they aver that the Ford coupe "was then and there carelessly and negligently parked by plaintiff," and that expression is repeated a number of times in defendants' further and separate defense. But, for the purpose of the argument, if the defendants' contention be true, the instruction has been rendered harmless by the answer of the jury, rendered in response to a question submitted at defendants' own request, which stated that at the time of the accident, plaintiff's car was not parked on the main-traveled part of the highway.

In the case of *Graham* v. *Coos Bay R. & N. Co.,* 71 Or. 393 (139 Pac. 337), this court said:

"Where a special finding of the jury shows that the general verdict is based entirely upon the general issue, and not upon issues made by other and different defenses, wherein such evidence is alleged to have been erroneously admitted or excluded, the rulings of the trial court admitting or excluding such evidence, although erroneous, are without prejudice and immaterial, and will not be considered on appeal: *British Ins. Co.* v. *Lambert,* 32 Or. 496 (52 Pac. 180); *Fowler* v. *Phoenix Ins. Co.,* 35 Or. 559 (57 Pac. 421); *Kraemer* v. *Deustermann,* 40 Minn. 469 (42 N. W. 297); *French* v. *French,* 133 Fed. 491 (66 C. C. A. 365); *Fraser* v. *Cal. St. Cable R. R. Co.,* 146 Cal. 714 (81 Pac. 29); *Parker* v. *Smith Lbr. Co.,* 70 Or. 41 (138 Pac. 1061)."

In the case of *Dare* v. *Boss et al.* (Or.), decided April 8, 1924, and reported in 224 Pac. 646, one James C.

111 Or.—32

Dare was injured while engaged in repairing his automobile which was standing on the main-traveled portion of the highway. The defendant pleaded contributory negligence and averred that plaintiff, for some reason unknown to defendant, had parked his car so that one half thereof was standing on the traveled portion, or hard-surfaced portion, of the main highway; further, that the highway was one ordinarily congested with traffic, and that it was so congested at the time of the accident. In that case this court, speaking through Mr. Chief Justice McBride, said:

"We find no definition in the statute of the word 'park,' but we take it that it means something more than a mere temporary or momentary stoppage on the road for a necessary purpose. * * The 'rule of reason' applies here, and if it should have appeared to the jury that he could have moved the car safely he would have been guilty of contributory negligence in failing to do so, but unless the testimony is uncontradicted the court should not hold that stopping to repair a temporary disability is contributory negligence as a matter of law, and especially is this true in a case where it appears from the plaintiff's evidence that the party injured had left ample room to pass and by his lights had given ample warning so that there could be no plausible excuse for running into him. We do not think, as a matter of law, the court could say to the jury that the plaintiff was guilty of contributory negligence, but properly left it to the jury to find on this subject."

According to the evidence adduced by plaintiff in the instant case, at the time of the accident the headlights, spotlights and tail-lights of both cars were burning. Starr's car was entirely off the pavement, and O'Brien's car was occupying not to exceed one foot of the paved way, thus leaving a paved highway

of fifteen feet for the defendants' automobile to traverse.

The record is free from error. This case is affirmed.                                      'AFFIRMED.

MCBRIDE, C. J., and BEAN and MCCOURT, JJ., concur.