Argued October 8, affirmed November 29, 1974

PAYNE, *Appellant, v.* McDONALD, *Respondent.*

528 P2d 552

*George R. Waldum,* Portland, argued the cause and filed a brief for appellant.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Dezendorf, Spears, Lubersky & Campbell and Richard S. Borst, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

SLOPER, J. (Pro Tempore)

This is a personal injury action, based upon negligence, brought by a sixteen-year-old boy, by and through his father as guardian ad litem, for injuries sustained as a result of collision with a motor vehicle being operated by defendant. The jury made a special finding that defendant was not negligent and returned a verdict for defendant. Plaintiff appeals.

The accident occurred at about dusk on November 21, 1972, on the west sidewalk which runs parallel to the 5200 block of SE 17th Avenue, in Portland, Oregon. Plaintiff was attempting to compression start his motorcycle and was proceeding in a northerly direction on the sidewalk. In attempting to start his motorcycle, plaintiff would run along side, pushing the motorcycle until he achieved sufficient speed, at which time he would jump astride the seat and attempt to operate the controls. While thus proceeding northbound on the sidewalk, he was struck by defendant's automobile which was turning into her driveway from the southbound lane of traffic. The collision occurred at the intersection of the sidewalk and defendant's driveway. At the time of the impact, plaintiff was seated in the operator's position on the motorcycle. There is a serious conflict in the testimony as to whether plaintiff had actually started the motorcycle at the time of the accident.

Plaintiff in his complaint has alleged in the usual manner that defendant was negligent in respect to lookout, control and speed. Defendant's amended answer alleged as an affirmative defense that plaintiff violated a section of an ordinance of the city of Portland and was negligent in operating his motorcycle on the sidewalk in violation of that ordinance, and was also

negligent in riding the motorcycle during the hours of darkness with no head light and in failing to keep proper lookout and control.

Plaintiff asserts four assignments of error. Each of the assignments raises issues concerning only the question of plaintiff's contributory negligence. Plaintiff has brought to our attention no error, nor have we found any, relating to the negligence of defendant. None of the assignments bear on the standard of care of defendant and do not reach the special verdict returned by the jury finding that defendant was not negligent. The special verdict of the jury, omitting the caption, was as follows:

"We, the jury, being duly empaneled and sworn to try the above entitled cause, do find our special verdict as follows:

"1. Was defendant guilty of negligence in one or more of the particulars charged by plaintiff which was a proximate cause of this accident?

___ Yes                                  X No

"If your answer to question 1 is no, your deliberations would be at an end, you would not answer any of the following questions, and your verdict should be returned to the court."

We believe that the special finding of the jury that defendant was not guilty of negligence in any of the particulars alleged by plaintiff establishes conclusively defendant's nonresponsibility for the accident. Any alleged error concerning the contributory negligence of plaintiff has been rendered harmless by the jury's special finding as noted above. In *O'Brien v. Royce*, 111 Or 488, 497, 227 P 520 (1924), in which it was asserted that the court had erred in connection with the instructions on plaintiff's contributory negligence, we

quoted with approval from *Graham v. Coos Bay R. & N. Co.*, 71 Or 393, 420, 139 P 337 (1914), and said:

" 'Where a special finding of the jury shows that the general verdict is based entirely upon the general issue, and not upon issues made by other and different defenses, wherein such evidence is alleged to have been erroneously admitted or excluded, the rulings of the trial court admitting or excluding such evidence, although erroneous, are without prejudice and immaterial, and will not be considered on appeal: *British Ins. Co. v. Lambert,* 32 Or. 496 (52 Pac. 180); *Fowler v. Phoenix Ins. Co.,* 35 Or. 559 (57 Pac. 421); *Kraemer v. Deustermann,* 40 Minn. 469 (42 N. W. 297); *French v. French,* 133 Fed. 491 (66 C. C. A. 365); *Fraser v. Cal. St. Cable R. R. Co.,* 146 Cal. 714 (81 Pac. 29); *Parker v. Smith Lbr. Co.,* 70 Or. 41 (138 Pac. 1061).' "

Judgment is affirmed.