Argued February 20, affirmed April 2, 1979

COOPER, *Appellant, v.*
MOSCILLO, *Respondent.*
(No. A7612-17925, CA 10191)

592 P2d 1034

Gerald R. Pullen, Portland, argued the cause for appellant. With him on the brief was Richard C. Bemis, Portland.

Ralph C. Barker, Portland, argued the cause for respondent. With him on the brief was John A. McCormick, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this personal injury case involving an automobile accident plaintiff sought compensatory and punitive damages from defendant. There was no claim of negligence on the part of the plaintiff. The jury returned a verdict for the plaintiff, but for compensatory damages only, and in a total amount of half of what she had claimed for medical expenses alone.

She makes four assignments of error on appeal. They resolve themselves into two basic contentions: (1) the trial court should have directed a verdict for the plaintiff; and (2) in connection with the claim for punitive damages it was error for the trial court to allow the defendant to show the punishment he had received after pleading guilty to driving under the influence of liquor at the time of the accident in question.

■ Assuming for the sake of argument that the trial court committed error in submitting the liability issue to the jury, the jury returned what was, under the plaintiff's theory of the case, a correct verdict. There is no reason to disturb the jury verdict. *Baker County v. Huntington*, 48 Or 593, 87 P 1036 (1906). *See also Patterson v. Skoglund*, 181 Or 167, 180 P2d 108 (1947); *Schrock v. Goodell*, 270 Or 504, 512, 528 P2d 1048 (1974); *Payne v. McDonald*, 270 Or 576, 528 P2d 552 (1974).

*Roshak v. Leathers*, 277 Or 207, 560 P2d 275 (1977), holds that punitive damages can be an additional or supplemental deterrent to undesirable conduct:

 " * * * [W]e are entitled to assume that the legislature was well aware that sanctions provided by the criminal law were often supplemented by punitive damages where the totality of circumstances made such action appropriate * * *." 270 Or at 215.

■ Our reading of *Roshak* leads us to conclude that its reasoning is implicitly in accord with that of McCormick, Damages §82 (1935), which states:

[445]

"Probably the most reasonable plan for the adjustment of the two remedies is that of permitting the defendant, when pursued in either form of punitive action, to prove that he has in fact already been punished by the other method so that present punishment may be avoided or reduced, according as the previous penalty be deemed fully adequate or not * * *."

Affirmed.